**Eldo KLINGENBERG, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

**No. 13-70506**

United States Court of Appeals, Ninth Circuit.

Submitted October 25, 2016 *

Filed November 3, 2016

Eldo Klingenberg, Pro Se

John Schumann, Attorney, John A. DiCicco, Acting Assistant Attorney General, Michael J. Haungs, Gilbert Steven Rothen-

---

* *See* Fed. R. App. P. 34(a)(2).

berg, Esquire, Deputy Assistant Attorney General, DOJ—U.S. Department of Justice, Washington, DC, Robert R. Di Trolio, Esquire, Clerk, U.S. Tax Court, Washington, DC, William J. Wilkins, Chief Counsel, Internal Revenue Service, Washington, DC, for Respondent–Appellee

Before: LEAVY, GRABER, and CHRISTEN, Circuit Judges.

MEMORANDUM *

Eldo Klingenberg appeals pro se from the Tax Court's judgment upholding Klingenberg's federal income tax liability for tax years 1991 through 1997, and 2004. We have jurisdiction under 26 U.S.C. § 7482(a)(1). We review de novo the Tax Court's legal conclusions and for clear error its findings of fact. *Johanson v. Comm'r*, 541 F.3d 973, 976 (9th Cir. 2008). We affirm.

The Tax Court did not clearly err in determining that Klingenberg was sent notices of deficiency for all of the tax years in question and that Klingenberg did not produce any evidence contradicting the certified mail log showing that the notices were mailed. *See* 26 U.S.C. § 6330 (c)(2)(B) (at a hearing before a levy, a taxpayer may challenge the underlying tax liability if the person did not receive any statutory notice of deficiency or did not otherwise have an opportunity to dispute it); § 6212(b)(1) (a notice of deficiency addressed to the taxpayer's last known address suffices for purposes of notice); *United States v. Zolla*, 724 F.2d 808, 810 (9th Cir. 1984) (an official record of mailing is highly probative and sufficient, in the absence of contrary evidence, to show that the notice of deficiency was properly made).

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Klingenberg's contentions that the Tax Court improperly conducted a trial de novo and considered evidence outside of the administrative record are unpersuasive.

**AFFIRMED.**